# J. P. FLANNERY, RESPONDENT, *v.* JAMES ANDERSON *et al.*, APPELLANTS.

ACTION AGAINST JOINT DEBTORS, WHERE ONE ONLY SERVED. Where an action was commenced against two persons, alleged to be partners for a debt, alleged to be a partnership debt; and one of them only was served, who appeared and filed an answer admitting all the allegations of the complaint; and the Court found in favor of plaintiff, and rendered judgment against both parties, to be enforced against the joint property of both, and the separate property of the defendant served: *Held*, that the proceeding and judgment were authorized by, and in strict accordance with, Section 32 of the Practice Act.

PLEADING BY ONE OF SEVERAL JOINT DEBTORS. Section 32 of the Practice Act does not require, nor does it seem to authorize, one of several joint debtors, upon whom only service is made, to appear or answer for his codefendants who are not served; but service upon any one alone is sufficient to warrant a judgment against the joint property.

JUDGMENT BY CONFESSION OF JOINT DEBTOR. A judgment by confession of one joint debtor will not reach the joint property, but be effective only against him who authorizes its entry, for the reason that the statute (Practice Act, Sec. 32) does not authorize such a judgment by confession.

INTEREST NOT ALLOWED ON AN OPEN ACCOUNT. The statute concerning interest (Statutes of 1861, 100, Sec. 4) does not allow interest on money due on an open account; and a judgment allowing such interest, where there is no special agreement, is so far erroneous.

CORRECTION OF ERRORS APPEARING IN JUDGMENT ROLL. Where a judgment on an open account included interest thereon, (which the statute, in the absence of a special agreement, does not allow) and the error appeared in the judgment roll: *Held*, that it could be corrected in the Supreme Court by a modification of the judgment, although not called to the attention of, nor excepted to in, the lower court.

KIDD *v.* FOUR TWENTY MINING COMPANY, 3 NEVADA, 381, as to the correction of errors appearing in the judgment roll by the Supreme Court, without exception in the court below, approved.

COSTS ON CORRECTING ERRORS IN JUDGMENT ROLL. When an error appears on the face of a judgment roll, in computation or anything of that character, which would have been corrected in the court below, if attention had been called to it; and an appellant had an opportunity to do so, which he neglected; the Supreme Court will make the proper correction at the costs of the appellant; but costs will not be imposed if the appellant did not have such opportunity in the lower court.

PRESUMPTION IN FAVOR OF FINDING OF DISTRICT COURT. Where a fact, necessary to be proven to support a judgment, is found by a district court, and there is nothing in the record on appeal to negative such finding, it will be presumed to have been established by competent and sufficient evidence.

APPEAL from the District Court of the First Judicial District, Storey County.

This was an action brought against Thomas Seale and James Anderson, of whom the former alone was served, to recover eight hundred and thirty-seven dollars and twenty-two cents, on open accounts, for goods alleged to have been sold and delivered to, and labor performed for, the defendants, as partners in the mill business in Storey County. The Court found all the material facts alleged, and rendered judgment for the amount prayed for, and interest thereon, from the day on which the last goods furnished were delivered.

*Williams and Bixler*, for Appellants.

I.

The judgment is erroneous in allowing interest on the accounts charged in the complaint for goods sold and delivered, and work

Flannery v. Anderson.

and labor done. (Statutes of 1861, 100 ; *Osborne* v. *Hendrickson*, 8 Cal. 31.)

## II.

The judgment should be reversed because the defendant Seale had no power to bind his copartner, Anderson, by admitting in his answer the indebtedness charged in the complaint. Whilst in many cases one partner can bind his partner in the usual and ordinary transactions of their business or trade, he cannot go beyond that usual course of business or trade and bind by his acts or admissions his copartner, without his consent. He cannot bind his copartner by a submission to arbitration without his consent, (*Jones* v. *Bailey et al.*, 5 Cal. 345) nor by a confession of judgment. (*Evirson* v. *Gehrmam et al.*, 10 How. Pr. 310 ; *The York Banks' Appeal*, 36 Penn. State, 458 ; *Chapin* v. *Thompson*, 20 Cal. 681 ; *Binney* v. *Le Gal*, 19 Barb. 593 ; *Christy* v. *Shownan*, 19 Iowa, 535.)

To say that Seale could, without the concurrence of his copartner, acknowledge upon record that a debt is due, and at the same time could not submit the question of indebtedness to two or three disinterested persons, who are to ascertain the same fact, would seem to be a proposition without reason or authority.

The confession of a judgment has exactly the effect in a suit that an answer has, omitting all the allegations of a complaint. The one is an acknowledgment of record that a debt is due, and puts it in the power of the creditor to sue out execution upon it ; the other is an admission on record that the debt is due, from which the creditor derives the same power to sue out his execution. How then could Seale, granting that Anderson was his partner, admit in his answer that which the rule of law precludes him from confessing by a judgment ?

## III.

The judgment should be reversed for the reason that there is nothing in the record to show that any partnership in fact existed between the appellant and Seale, except the admission of the truth of the allegations made in the complaint by Seale's answer.

Where it is sought to charge several as partners, an admission of the *fact of partnership* by one is not receivable in evidence against any of the others to prove the partnership. It is only after

the partnership is shown to exist, by proof satisfactory to the Judge, that the admissions of one of the parties is received in order to affect the others. (1 Greenleaf on Ev. Sec. 177 ; Collyer on Part. Sec. 776 ; *Whiting* v. *Ferris*, 10 Johns. 66 ; *Harris* v. *Wilson*, 7 Wend. 57 ; *Tuttle* v. *Cooper et al.* 5 Pick. 414.)

In this action Anderson was not served with process, nor any opportunity given him to make his defense, whatever such defense might have been. If then this rule that one partner cannot bind his copartner by admissions as to the fact of partnership, is not to be recognized as law, we suggest that a contrary ruling would be fraught with consequences disastrous to all joint defendants who are not allowed their day in Court. Under such a system of practice any dishonest codefendant would be permitted to shift, by his own bare admissions, his individual liabilities upon the shoulders of others who might happen to be made his joint defendants.

It is no answer to this position to say that the effect of such an admission is merely to charge the partnership property and not the other partner personally. The judgment binds the partnership property, which is such at the time of its rendition ; and it might well happen that the defendants at that time were copartners, but not at the time when the debt was contracted ; and thus one partner might easily charge the other's property for a debt which was solely that of the one making the admission.

*W. E. F. Deal,* for Respondent.

The object of Section 32 of the Practice Act was that a creditor, by service of summons on one member of a copartnership, might obtain a judgment that would be a lien upon the partnership property. (*Whitmore* v. *Shiverick,* 3 Nev. 305.)

In this case summons was served on one of the defendants, and due proof made of such service. In such a case one partner has authority to confess a judgment that will bind the other partner. (*Leahy* v. *Kerrigan,* 22 Howard, 209 ; *Pardee et al.* v. *Hayms et al.,* 10 Wend. 630.)

In case the defendant Seale had failed to answer or appear within the time allowed for that purpose, the plaintiff would have had his default entered, and on application the Clerk would have

entered judgment without any application being made to the Court; and such proceeding would have been regular. (Statutes of 1861, 338, Sec. 150; *Kelly* v. *Van Austin*, 17 Cal. 564.)

The authorities cited by appellants' counsel on their third proposition have no bearing upon the case, being cases where several were sued as copartners; where issue was joined as to the copartnership, and where the plaintiff sought to introduce in evidence the admissions of one of the copartners to bind the others.

The answer to the suggestion that a dishonest codefendant might by his admissions shift his individual liabilities upon the shoulders of others, is that a judgment obtained in such manner would be fraudulent, and would not stand a moment in any Court.

If the judgment is only 'erroneous in that it calls for too much interest, this Court will order it to be modified, and in such case the costs of appeal are in the discretion of the Court.

It was an apparent error, which appellant might have had corrected below on motion, and respondent should not be taxed with costs. (*Tryon* v. *Sutton*, 13 Cal. 491; *Reniff* v. *The* "*Cynthia*," 18 Cal. 669; *Cassin* v. *Marshall*, 18 Id. 689.)

By the Court, LEWIS, C. J.

The plaintiff brings this action to recover the sum of eight hundred and thirty-seven dollars, with interest thereon at the rate of ten per cent. per annum from the 19th day of December, A.D. 1864, for work and labor performed and goods sold and delivered to the defendants by the assignors of the plaintiff, at various times between the 1st day of August and the 19th day of December, in the year 1864. It is alleged in the complaint, and so found by the Court, that the defendants were during this time copartners, and that these debts were contracted in the prosecution of the copartnership business.

The summons was served on the defendant Scale, who appeared and filed an answer admitting all the allegations of the complaint. Upon the application of the plaintiff, the Court rendered a judgment against the defendants, in accordance with the thirty-second section of the Practice Act, which provides that where the " action is against defendants jointly indebted upon a contract, the plaintiff

29

may proceed against the defendant served, and if he recover judgment, it may be entered against all the defendants jointly indebted, so far only as that it may be enforced against the joint property of the defendants served.

Anderson did not appear in the action until he took this appeal, which is only from the judgment. Upon this state of facts it is argued on behalf of the appellant that the answer of the defendant Seale authorized no judgment which could affect Anderson's interest in the joint property. But nothing is clearer than that the statute authorizes a judgment like that rendered in this case when the summons and complaint are served on one of several joint debtors.

Nor does the law in any way regulate the manner in which the person appearing in the action shall answer or defend. His rights with respect to the character of defense which he will make, or whether he will make any or not, are as unrestricted as if he alone were interested. If he deems the cause of action a just one, there is nothing in the law to prohibit him from filing his answer acknowledging such to be the case.

The statute does not require nor seem to authorize the defendant upon whom summons is served to appear or answer for his co-defendants who are not served. But it makes the mere service of summons and complaint upon one of several joint debtors sufficient to authorize a judgment which may be enforced against the joint property. The defendant Seale in this case answered only for himself. The rights of Anderson were in no wise affected by his answer. Had he not answered at all, but suffered a default, the judgment would have been in precisely the same form, for it is not necessary to the regularity of such a judgment that any of the joint debtors should appear in the action, but only that summons and complaint shall have been served upon some one or more of them. Had Seale appeared and answered for both himself and Anderson, a judgment could have been entered which would not only reach the joint property, but also the separate property of both. As, however, he appeared and answered only for himself, the judgment was rendered only against the joint property and his own separate property. This was in strict compliance with the thirty-second section of the Practice Act referred to. We are unable to see,

therefore, how the answer of Seale prejudiced the appellant. But even if it did, he had the right to file such an answer, and upon it the Court below was authorized to render a judgment in the form here entered. (*Parker et al.* v. *Haynes et al.*, 10 Wend. 631; *Stoutenburgh* v. *Vandenburgh*, 7 How. Pr. 231.)

A judgment by confession may be rendered without action, and it is correct, as stated by counsel for appellant, that a judgment so obtained upon the confession of one partner will not reach the partnership effects, but will be effective only against him who authorized its entry. When, however, an *action* is commenced, and the summons is served on one or more of the partners or joint debtors, the defendant so served may answer, admitting the plaintiff's right of action, and judgment may be rendered as provided by the Practice Act. The statute authorizes this mode of proceeding, but it does not authorize one partner to confess a judgment which will reach the partnership effects where no action has been commenced.

We are however of opinion that the Court improperly allowed interest in this case. The Statute Laws of 1861, page 100, Sec. 4, declare that " where there is no express contract in writing, fixing a different rate of interest, interest shall be allowed at the rate of ten per cent. per annum for all moneys after they become due, on any bond, bill, or promissory note, or other instrument of writing; on any judgment recovered before any Court of this Territory, for money lent, for money due on the settlement of accounts from the day on which the balance is ascertained, and for money received to the use of another." It will be observed that this statute does not allow interest on money due on an open account; and it is a legal presumption that it was not the intention of the Legislature to allow it in any cases save those mentioned in the Act. The account here sued on was open and unsettled—hence under this statute no interest is recoverable on it. We know of no good reason why it should not be allowed on all money due on account from the time it becomes payable, except that the Legislature has provided otherwise. The Supreme Court of Illinois upon a similar statute has held that interest is not recoverable in cases of this kind. (*Sammis* v. *Clark*, 13 Ill. 544; *Hitt* v. *Allen*, Ib. 592; *Kennedy* v. *Gibbs*, Ib. 406; *Rayburn* v. *Day*, 27 Ib. 46.)

The judgment in this case, so far as it allows interest, is therefore erroneous, and must to that extent be modified.

It is argued, however, that as this error was not called to the attention of the Court below, it should not be noticed here; and some cases are referred to in support of this proposition. With respect to errors occurring at the trial, such is generally the correct rule of practice; but when the error is one appearing in the judgment roll itself, and in no wise waived by the party appealing, (as may frequently be the case in regard to proceedings in the trial) we are unable to perceive how an appellate Court can refuse to correct it. The complaint in this case does not make out a case entitling the plaintiff to interest, but the judgment shows upon its face that it is allowed upon the entire sum claimed from the time it became payable. To this extent, then, it is clearly erroneous. Why, it may be asked, should not such an error be corrected by the appellate Court, although it may not have been called to the attention of the lower Court? Surely no exception to the entry or form of the judgment need be taken. Nor does the statute make a motion to correct or to set it aside necessary. So it cannot be said that an error of this kind is waived by the failure to call it to the attention of the *nisi prius* Court, nor that the appellant is in fault in not doing so, for it is seldom that he has the opportunity. Hence we see no reason why the appellate Court should not in a case of this kind correct the error. But if there be any such reason this Court has already adopted that mode of practice, and we are not disposed to overturn it. (See *Kidd* v. *Four Twenty Mining Co.*, 3 Nev. 381.)

When the error complained of is simply a mistake in the computation of the amount for which judgment is rendered, or something of that character, which it is perfectly evident would have been corrected if called to the attention of the lower Court, and the appellant had an opportunity to do so, but did not, it has been our practice to correct the error, but to impose the costs of the appeal on the appellant. (*Howard* v. *Richards*, 2 Nev. 128.) This, however, is not such a case, and there appears no good reason why the respondent should not pay the costs of this appeal.

It is unnecessary to determine here whether or not the admission

by Seale, that a partnership existed between himself and Anderson, was admissible for the purpose of establishing a joint liability.  The Court found that such partnership existed between the defendants. That was a fact necessary to be proven; and we must presume that it was established by competent and sufficient evidence, as there is nothing in the record to negative it.

As interest is erroneously allowed in the judgment, the Court below will modify it in respect to the interest prior to judgment. Appellant to have his costs of this appeal.

WHITMAN, J., did not participate in the foregoing decision.

