EDWIN A. WILKINS, Appellant, v. JOHN CAPURRO,
Respondent.

No. 3848

February 14, 1956.          293 P.2d 427.

*Leslie B. Gray,* of Reno, for Appellant.

*Frank R. Petersen,* of Reno, for Respondent.

## OPINION

By the Court, Eather, J.:

This is an action in quantum meruit for the value of

services rendered in connection with the remodeling of premises located at 616 University Avenue, Reno, Nevada. Judgment of the court below, sitting without a jury, was in favor of the plaintiff; and the defendant has taken this appeal. The defendant claims that the services were gratuitously rendered and that there is no proof of their value. The question, then, is whether there is support in the record for the trial court's findings.

For clarity, the appellant will be referred to as defendant, and the respondent as plaintiff.

Plaintiff was the owner of the premises involved. He agreed to sell them to defendant for $15,000 and further agreed to lend defendant the sum of $12,000 for the purpose of remodeling, taking a note and trust deed in the sum of $27,000. Defendant, a building contractor, was to do the remodeling himself. The transaction was completed in May, 1952. Work of remodeling went forward until the first of August. During this period of time plaintiff was present daily, interesting himself in the work being done, assisting where he could, with no idea of receiving compensation for his services.

Around the first of August defendant ceased work on the premises and transferred his activities to the completion of work which his University Avenue job had interrupted. According to plaintiff's testimony he continued to visit the premises daily and, being familiar with the necessary work remaining to be done and desiring to hasten its completion, he proceeded voluntarily to work on the job. On August 4 the defendant called at the premises and a conversation was had which the plaintiff described as follows: "When he come up I said, 'I started to work here.' * * * and he says * * * 'that work has got to be done * * * you just as well have it whether it amounts to two or three hundred or more dollars. I just as well pay you as anybody else.'"

From that date on plaintiff kept track of the number of hours he worked. He testified to 450 hours spent; that, in his opinion, the services were worth $1.50 an

hour, comparable to what the defendant had paid for common labor on the job. In our view the testimony of the plaintiff provides support for the determination of the trial court that plaintiff's services were performed, that they were performed at the instance and request of defendant and with mutual expectation of payment, and were reasonably worth the amount of $675.

Defendant flatly denies that any such conversation was had. He asserts that plaintiff's position is contrary to the terms of the original agreement between the parties to the effect that plaintiff was not to be employed by defendant and that whatever services he rendered were to be gratuitous. The facts, however, do not preclude the possibility of a new understanding relative to the use of plaintiff's services. In our view defendant's contentions go merely to the weight and credibility of the plaintiff's testimony.

Defendant asserts that proof is wanting as to the nature of the services performed by plaintiff and as to their value or benefit. It must be conceded upon a reading of the record that defendant has succeeded in creating grave doubt as to the extent or value of the services performed insofar as plaintiff attempted to specify them. The resolution of doubt, however, remained the function of the court as trier of facts. In our view the record does not compel a rejection of the trial court's determination in this respect.

In the case of McNee v. McNee, 49 Nev. 90, at 99, 237 P. 534, at 537, it is stated: "A trial court may base its judgment upon the testimony of one witness against the testimony of a number of witnesses, if it is of sufficient weight to force a conviction of truth to a reasonable mind, and the appellate court is without power to enforce a contrary opinion by reversing the judgment." Accord: Friendly v. Larsen, 62 Nev. 135, at 136, 144 P.2d 747.

Judgment affirmed with costs.

MERRILL, C. J., and BADT, J., concur.