FREDDIE WHITEMAN, Appellant, *v.*
HOWARD BRANDIS, Respondent.

No. 4491

June 12, 1962

372 P.2d 468

*W. Albert Stewart, Jr.,* of Las Vegas, for Appellant.

*Harvey Dickerson,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Brandis, plaintiff below, performed architectural services for Whiteman at the latter's request. The district court found the reasonable value of such services to be $4,750 and entered judgment in that amount, with costs. Whiteman appeals, contending that reversible error occurred in permitting a quantum meruit recovery when the complaint alleged a breach of an express contract and proof of such a contract was not made. The appellant admits that he could not successfully assail the judgment, had the complaint requested relief on a quantum meruit basis.

We believe that the appeal is without merit for the following reasons. First, the complaint does fairly place Whiteman on notice that a quantum meruit recovery may be sought. It avers that, following negotiations, Whiteman requested Brandis to proceed with the preliminary plans for a 150-unit apartment building; that a contract had not been "formalized"; that Brandis performed the requested services. This, without more, states a claim for the relief granted. Berrum v. Georgetta, 60 Nev. 1, 93 P.2d 525, 98 P.2d 479. It is not essential that the complaint aver the services performed to have a specified reasonable value. Maitia v. Allied Land & Livestock Co., 49 Nev. 451, 465, 248 P. 893, 897. When one performs services for another at the latter's request and there is no express agreement as to compensation, a promise to pay the reasonable value thereof will be implied. It is true that, in addition to the averments mentioned, the complaint stated that the defendant

"has breached his contract with the plaintiff" to plaintiff's damage in the sum of $4,750. To some extent such averment may be considered inconsistent with the prior allegation that a contract had not been "formalized." If Whiteman considered the complaint so vague and ambiguous that he could not responsively plead, he should have moved for a more definite statement. NRCP 12(e). He did not.

Second, if we were to treat the complaint as one based solely upon contract, the result of the trial must be upheld because evidence supporting a quantum meruit recovery was received without objection and the issues thereby raised were tried with the implied consent of the parties. NRCP 15(b). The case of Roberge v. Cambridge Cooperative Creamery Co., 243 Minn. 230, 67 N.W.2d 400, upon which appellant relies, is not in point. In that case the issues relevant to a quantum meruit recovery were neither pleaded nor litigated by consent. The defendant had objected to evidence as to the reasonable value of plaintiff's services. Such is not the case before us. Indeed, the court in *Roberge* made it clear that consent is implied when a party fails to object to evidence outside the issues raised by the pleadings. Notwithstanding this fact, the appellant urges upon us that we should treat all evidence relating to a quantum meruit recovery as having been timely objected to, because he made an oral motion to dismiss at the conclusion of the case. Such a motion is directed to the legal sufficiency of all evidence received during trial; it does not relieve a party from his failure, during the trial, to object to evidence.

Affirmed.

BADT, C. J., and McNAMEE, J., concur.