CHECKER, INCORPORATED, APPELLANT, v. I. M. ZEMAN, S. A. TULLER, E. BOYER, D. GOLDBERG, A. LANDMAN, C. CHAZEN, R. D. GRUBER, A. L. LIPKIN, D. A. MESSING, H. W. BROTMAN, AND D. LEMBARK, A COPARTNERSHIP, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF ZEMAN, TULLER, BOYER & GOLDBERG, RESPONDENTS.

No. 5991

March 26, 1970                               467 P.2d 100

[Rehearing denied April 20, 1970]

*E. M. Gunderson,* of Las Vegas, for Appellant.

*Lionel, Sawyer & Wartman,* and *Steve Morris,* of Las Vegas, for Respondents.

## OPINION

By the Court, ZENOFF, J.:

Respondents are a public accounting firm which brought suit for $1,150 against Checker, Inc., a taxicab company in Las Vegas, for services rendered.

The complainants were hired in 1961 or 1962 by Checker, Inc., to perform certain periodic auditing which were from

that time performed. A Mr. Woxberg who did the hiring was the president of Checker. The firm was paid after each audit until the period ending March 31, 1964. In the examination for that period the accountants discovered a substantial discrepancy in money taken in but not deposited. Woxberg was notified by David Messing, a member of the firm, and conversations concerning what to do about the findings were held between them. The actual auditing in question had been done by a Mr. Copeland who died before the case came to trial.

Messing testified on behalf of the respondents from the books and records of the firm, plus his own supervisory participation. A few days after the cab company was billed he learned that a sale of the company was pending so he called Woxberg to insure payment. Woxberg not only acknowledged the bill but he also promised to pay it. Before doing so, he sold his stock in the company and the new operators refused to pay the bill contending that the work was unsatisfactory and without value.

Only one witness testified on the taxicab company's behalf. He was an accountant who was made an officer in the corporation after Woxberg left. He complained that the discrepancies turned out to be substantial defalcations. He also acknowledged that the company was reimbursed for the losses from insurance.

The trial court ruled that the accounting services and rates charged were proper and entered judgment for the accountants for $1,150, plus attorney's fees, costs and interest. The cab company appeals from that judgment, claiming failure of proof of value of the accounting services, that interest should not have been imposed and that some evidence was excluded that should have been allowed.

1. The respondents were hired to do certain services and they were performed. The principal of the corporation, Woxberg, was satisfied with all of the services rendered and paid for them except for the last period of time and as to those services he did not dispute the amount or the value. Only the new owners attempted to show that the accountants should have done more than they did or what they did do was wrong. Theirs was a reconstruction and interpretation because they were not present when the job was done.

The accounting services and rates charged conformed to a pattern since the early relationship between the parties. Where

one performs services for another at the latter's request and there is no express agreement as to compensation a promise to pay the reasonable value thereof will be implied. Whiteman v. Brandis, 78 Nev. 320, 372 P.2d 468 (1962). Where services are requested a presumption or inference arises that the beneficiary promises to pay. Willard v. Buck, 85 Nev. 34, 449 P.2d 471 (1969). In this case the appellant tried to show that the services were of absolutely no value, not of mere lesser value, and the trial court made its findings upon the evidence presented. The evidence is sufficiently substantial to support the findings. Wilkins v. Capurro, 72 Nev. 49, 293 P.2d 427 (1956); Briggs v. Zamalloa, 83 Nev. 400, 432 P.2d 672 (1967); Lawry v. Devine, 82 Nev. 65, 410 P.2d 761 (1966); Harvey v. Streeter, 81 Nev. 177, 400 P.2d 761 (1965).

2.   NRS 99.040 allows interest on express or implied contracts from the time the money becomes due. This has been interpreted to mean that the interest may be calculated from a date prior to judgment. Paradise Homes, Inc. v. Central Surety & Ins. Corp., 84 Nev. 109, 437 P.2d 78 (1968). The taxicab company contests here that the contract (for accounting services) comes within the exception to NRS 99.040(1) . . . book accounts. A book account is taken to mean the same as an open account and appellant relies on Flannery v. Anderson, 4 Nev. 437 (1868), which held that no interest could be awarded on an open account. Here there was no running account with a changing balance but only one bill given at the end of a period when the work had been performed. Therefore, the services performed by the accountants cannot be labeled a "book account" which would preclude any interest award for respondent.

3.   The cab company also claims that the accountants are not entitled to interest because they made no claim for it in their prayer for relief. NRCP 54(c) allows relief to be granted in favor of a party who is entitled to it "even if the party has not demanded such relief in his pleadings." Paradise Homes, Inc. v. Central Surety & Ins. Corp., supra, holds that interest is recoverable as a matter of right in actions of contract express or implied upon all money from the time it becomes due. We are satisfied that interest should be awarded upon the authority of NRCP 54(c) and the cited case.

4. Appellant's allegations that certain material evidence was excluded is without merit.

Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.