# HELEN CLOSE, Appellant, v. ISBELL CONSTRUC-
## TION CO., a Nevada Corporation, Respondent.

No. 6013

June 24, 1970                      471 P.2d 257

*Peter Echeverria* and *E. A. Hollingsworth,* of Reno, for Appellant.

*Bible, McDonald, Carano & Wilson,* of Reno, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

This is an appeal from a judgment in favor of respondent (plaintiff below) and from an order denying appellant's motion to alter and amend that judgment. We affirm in all respects.

Appellant, Helen Close, owned a parcel of land in Reno upon which she desired to construct a trailer park. Respondent, Isbell Construction Co., on April 24, 1965, submitted a bid form to Close for that work, proposing to furnish labor and materials in accordance with written specifications, for a lump sum of $96,586.85. Close, in writing, accepted the bid. Additional or extra work was done by Isbell for Close on her written order. On October 18, 1965, Isbell billed Close for $131,019.07, to which she objected. A conference was held, and on November 15, 1965, the billing was reduced to $119,-750.

Close failed to pay the latter sum, and on January 26, 1966, Isbell filed a mechanics lien in the recorder's office. Close was served a copy the next day. Isbell filed suit on February 7, 1966. Close counterclaimed, alleging Isbell had failed to perform the terms of their agreement in a diligent, skillful, and workmanlike manner; that she lost rentals because the trailer spaces were not ready when agreed; that she suffered further loss because Isbell's lack of diligence disrupted the work of other contractors on the project. Close sought damages amounting to $97,573.59.

The Isbell claim and the Close counterclaim were tried

before a jury, which, on May 15, 1968, returned verdicts in favor of Isbell for $119,750 (the exact sum of the November 15 billing) and in favor of Close on her counterclaim for $62,690.96, or a net verdict in Isbell's favor of $57,059.04.

On October 16, 1968, after considering briefs on the issue from both parties, the lower court made an award of interest as of November 15, 1965, on the net judgment.

A motion by Close for award of an attorney's fee against Isbell on the ground she was the prevailing party in the foreclosure of the mechanics lien issue was denied by the lower court on October 25, 1968, and judgment was entered on November 20, 1968.

On December 2, 1968, Close filed a motion to alter or amend judgment on the grounds that the judgment was for money due under a contract while Isbell had based its action on quantum meruit and had also failed to perfect its mechanics lien. On December 13, 1968, she moved to discharge the mechanics lien on the ground that the judgment awarded Isbell only a personal judgment against Close. Isbell countered the foregoing motions March 27, 1969, and moved to foreclose the mechanics lien. On May 14, 1969, the court below denied Close's motion to alter and amend the judgment and granted Isbell leave to amend the judgment to provide for enforcement of it under the mechanics lien provisions, denied Close's motion to discharge the mechanics lien, and denied Isbell's motion to foreclose the lien for the reason that it had been within the issues and pleadings and no specific ruling thereon was deemed necessary.

The issues presented for our decision are these:

I.   Whether the trial court properly awarded interest on its judgment from November 15, 1965, the date of the last billing?

II.   Whether respondent properly perfected and proved its right to a mechanics' lien?

III.   Whether attorney fees should have been awarded to appellant because she was the prevailing party?

1.   Appellant contends the court below erred in allowing interest, for the reasons that the sum was not liquidated until the jury made its award May 15, 1965, and, because respondent only alleged an action in quantum meruit and not an action based on a contract, the amount due was not definitely ascertainable by mere mathematical calculation and could only be ascertained by proof at trial.

However, the record in this case shows that Close alleged the existence of a contract in her answer and cross-complaint,

and attached a signed copy of the basic contract to those pleadings. The contract was admitted in evidence, as well as an extra work order signed by her.

Counsel for Close, in his opening statement, repeatedly referred to the "contract" or "agreement," and indicated he would prove a breach when he said: "For these and other matters that will occur during the course of the trial, it is the defendant's position in this case that the plaintiffs have not performed their contract, and, failing to have performed that contract, they are not entitled to any remedy or damages or judgment against Miss Close for the contract, until such time as it is completed."

Close admitted signing the proposal bid from Isbell and an additional work authorization. She also wrote a letter to Isbell which read: "Extra work was authorized to expedite work on the Posie Post Trailer Inn that was contracted by your firm.

"Will you kindly bill in full as of today and continue as per original contract with no further extras.

" . . .

"I have no quarrel with the extra billing to date, but will not be responsible for future extras."

Regardless, therefore, of the allegations in Isbell's complaint, the action was tried upon a theory of express contract. Unless Close could have demonstrated in what manner she had been prejudiced by a variance between the pleadings and proof, and she urged none, a recovery based upon express contract must be sustained. Burgess v. Helm, 24 Nev. 242, 51 P. 1025 (1898); Holtzman v. Bennett, 48 Nev. 274, 229 P. 1095 (1924). In United Tungsten Corp. v. Corporation Svc., Inc., 76 Nev. 329, 353 P.2d 452 (1960), appellant claimed error in that the action was brought on quantum meruit but the judgment was based upon an express contract. We there said: "This court has repeatedly given effect to the provisions of NRCP Rule 15(b)[1] to the effect that when issues not raised by the pleadings are treated [sic] by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings and that, though the pleadings may be

[1]NRCP 15(b), in pertinent part, provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

amended to conform to the evidence, failure to amend does not affect the result of the trial of such issues." 76 Nev. at 331. See also Whiteman v. Brandis, 78 Nev. 320, 372 P.2d 468 (1962) for the reverse of this situation, where a recovery in quantum meruit in an action on contract was upheld.

2. In Paradise Homes v. Central Surety, 84 Nev. 109, 437 P.2d 78 (1968), we eliminated "liquidated" or "unliquidated" tests for imposing pre-judgment interest. Arley v. Liberty Mut. Fire Ins. Co., 85 Nev. 541, 458 P.2d 742 (1969).

In *Paradise,* we said, "The amount of money to which the interest rate will be applied must be determined by the following factors: (1) if the contract breached provides for a definite sum of money, that sum; (2) if the performance called for in the contract, the value of which is stated in money or is ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices of the subject matter, that sum. Pre-judgment interest shall be allowed on the amount of the debt or money value so determined, after making all the deductions to which the defendant may be entitled." 84 Nev. at 116–117.

If the amount of money due Isbell from Close could be determined as of November 15, 1965, rather than awaiting the trial, then the amount of interest from that date was proper.

In Paradise, the court relied upon Restatement of Contracts § 337(a). Comment *g* to that section states: "Even though a contract does not itself specify the value of the performance that the defendant has failed to render, if that value can be determined by mathematical calculation from a standard fixed by the contract or from established market prices of the subject matter of the contract, interest is allowed on the amount so determined. *This is true although the extent of the performance rendered and the existence of the market prices must be proved by evidence.* The defendant had reason to foresee that a breach would deprive the plaintiff of the value determined by such a calculation." (Emphasis added.)

The original contract set forth the basic price of $96,586.85. A review of the record in this case shows that the billing of November 15, 1965, was based upon adequate books and records of Isbell for all sums due for the extra work authorized by Close. Close did not contest the accuracy or reasonableness of Isbell's billing. Instead, her defense and counterclaim alleged, and her proof showed, the contract was not fully performed and the performance rendered was improperly done.

Accordingly, when the jury rendered its verdict for the exact amount of the November 15, 1965, billing, the court could properly conclude that was the time the money became due.

In accordance with *Paradise,* it reduced that amount by the deduction to which Close was entitled, $62,690.96, and properly awarded pre-judgment interest on the net amount due Isbell, $57,059.04, from November 15, 1965, at the legal rate.

3. Close next contends the trial court erred when, following the jury verdict, it allowed amendment of the judgment, after proof to the court, for enforcement of the lien. She contends that because NRS 108.200(4), states that the mechanics' lien foreclosure proceedings shall follow the Nevada Rules of Civil Procedure, NRCP 38(a),[2] guarantees her the right of trial by jury on any issue under the Constitution of Nevada.[3] In State v. McClear, 11 Nev. 39 (1876), this court held that the constitutional right to a trial by jury "has reference to the right of trial by jury as it existed at the time of the adoption of the Constitution. . . ." The constitutional right to a jury trial was further defined in State v. Ruhe, 24 Nev. 251, 52 P. 274 (1898), where this court said, "A jury cannot be claimed as of right in an equity case, or upon an issue of law, for that is a matter purely for the court." 24 Nev. at 262. See also Harmon v. Tanner Motor Tours, 79 Nev. 4, 20, 377 P.2d 622 (1963). The foreclosure of liens is an equity matter, and no right to trial on equity matters existed at common law. There is no right to a jury trial in California for mechanics' lien foreclosures. M. Marsh, California Mechanics' Lien Law § 6.65 (1965). Nor is there a right to a jury trial in mechanics' lien foreclosures in New York. E. Marks, Jensen on the Mechanics' Lien Law § 424 (4th ed. 1963).

NRCP 39(c) provides that in any action not triable of right by a jury, the court may order the issue tried by an advisory jury, or, with the consent of all the parties, may order a trial by a jury having the same effect as if there had been a right to trial by jury. Nothing in the record indicates any such action by or request to the lower court. It was proper for the trial judge to pass upon the issue as one in equity and of law.

---

[2]NRCP 38(a) reads: "The right of trial by jury as declared by the Constitution of the State or as given by a statute of the State shall be preserved to the parties inviolate."

[3]Art. 1, § 3, Nev. Const. provides: "The right of trial by Jury shall be secured to all and remain inviolate forever. . . ."

4. Relying on the authority of Porteous Decorative Co. Inc. v. Fee, 29 Nev. 375, 91 P. 135 (1907), Close makes a multi-pronged attack upon the lien claim, contending it did not comply with NRS 108.060.[4]

*Porteous* was impliedly overruled in Milner v. Shuey, 57 Nev. 159, 60 P.2d 604 (1936), and in Ray Heating Prods. Inc. v. Miller, 74 Nev. 124, 127, 324 P.2d 237 (1958), this court specifically held that *Milner* had overruled *Porteous.* Isbell's lien claim[5] then must be tested by the rule of Milner v. Shuey, supra, where it is said, "[A] lien will not fail for lack of conformity to requirements made essential by statute, unless the proof shows a substantial variance." 57 Nev. at 168. See also NRS 108.100(1) which provides: "Upon the trial of any action or suit to foreclose such lien no variance between the lien and the proof shall defeat the lien or be deemed material unless the same shall result from fraud or be made intentionally, or shall have misled the adverse party to his prejudice, but in all cases of immaterial variance the claim of lien may be

[4]NRS 108.060 requires that a lien claim must contain the following information: "(a) A statement of his demand after deducting all just credits and offsets. (b) The name of the owner or reputed owner if known. (c) The name of the person by whom he was employed or to whom he furnished the material. (d) A statement of the terms, time given, and conditions of his contract. (e) A description of the property to be charged with the lien sufficient for identification."

[5]Isbell's lien claim contained the following information: "(a) The claim of lien, after deducting all just offsets, is for the sum of $131,-019.07. (b) The owner, or reputed owner of the property, against which the said lien is claimed, or those claiming some interest therein is HELEN CLOSE. (c) Claimant was employed by HELEN CLOSE to furnish labor and material for which said lien is claimed, and said labor was performed and materials furnished pursuant to an agreement that claimant would furnish labor and materials in the construction of a trailer park located at 905 Gentry Way, Reno, Washoe County, Nevada, for the total sum of $96,586.85; that in addition, claimant performed extra work and supplied extra materials not covered by said agreement; that the reasonable value of said extra work and materials is the sum of $34,432.22; that the entire balance in the sum of $131,019.07 was payable upon the completion of said work. That requests for payment have been duly made and the full sum of $131,019.07 is still due, owing and unpaid to claimant, ISBELL CONSTRUCTION COMPANY, by reason of the performance of said labor and the furnishing of said materials." [Following was a statement that no notice of completion pursuant to NRS 108.090 had been filed and that 90 days had not elapsed since completion of the job. Then followed a legal description of the property as well as the street address. Attached to the back of the Clerk's certificate is an affidavit of service of a copy of the lien claim upon Helen Close, signed by the deputy sheriff who served her.]

amended, by amendment duly recorded, to conform to the proof." The provision that the claim may be amended does not require such amendment, for it is directory only. Peccole v. Luce & Goodfellow, Inc., 66 Nev. 360, 375, 212 P.2d 718 (1949); Milner v. Shuey, supra, at 168. The proof in this case does not show a substantial variance.

Likewise, failure to properly plead in the complaint that one has followed the statutes strictly must be taken advantage of by way of a motion before the issues are joined at trial, or the objection is deemed waived. Skyrme v. Occidental Mill and Mining Co., 8 Nev. 219 (1873).

5. Close's final contention that she was the prevailing party in the lien foreclosure issue and thus entitled to award of an attorney's fee pursuant to NRS 108.170, falls with our decision that the lower court was correct in permitting Isbell to amend the judgment to enforce the lien. Despite the reduction from $131,019.07 to $57,059.04 in the amount of the claimed lien because of the jury verdict, Isbell was the prevailing party. Knier v. Azores Constr. Co., 78 Nev. 20, 368 P.2d 673 (1962).

The amended judgment of the lower court is affirmed.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.