LAUGHLIN RECREATIONAL ENTERPRISES, INC. AND DONALD J. LAUGHLIN, APPELLANTS/CROSS-RESPONDENTS, *v.* ZAB DEVELOPMENT CO., INC. AND KEITH FLIPPIN, RESPONDENTS/CROSS-APPELLANTS.

No. 13392

June 18, 1982                           646 P.2d 555

[Rehearing denied November 22, 1982]

*Morris & Wood,* Las Vegas, for Appellants/Cross-Respondents.

---

[1]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Chief Justice, pursuant to Nev. Const., art. 6, § 19.

*Galatz, Earl & Biggar,* Las Vegas, for Respondents/Cross-Appellants.

## OPINION

*Per Curiam:*

Laughlin Recreational Enterprises, Inc. (Laughlin) appeals from the district court's judgment awarding damages on a construction contract, plus interest and attorney's fees, to respondent Zab Development Co., Inc. (Zab). Zab cross-appeals from the district court's decision cancelling certain promissory notes executed by Laughlin in Zab's favor.

## THE FACTS

Zab contracted with Laughlin to build a hotel and casino on property owned by Laughlin. The parties signed a standard AIA form contract, specifying that Laughlin would pay Zab's costs of construction plus $100,000.00 profit and $80,000.00 overhead, with a maximum cost to Laughlin of $1,209,600.00. At the same time, the parties signed a separate agreement, and later they periodically executed various modifications to the contract.

As Laughlin ran short of cash, the parties entered into a series of financial transactions evidenced by promissory notes from Laughlin to Zab. In addition, Zab loaned Laughlin $30,000.00 which was not evidenced by a note.

Eventually, Laughlin brought this action against Zab, claiming that the contract had not been performed. Zab counterclaimed, alleging that the contract was fully performed, and that money was still owing under the contract. Zab also sought to collect on the promissory notes.

The district judge found that the contract had been substantially performed, and awarded judgment in favor of Zab. The court also found that the AIA contract was not the complete agreement of the parties, and that the parties intended a cost-plus-profit contract without any maximum cost to Laughlin. The court therefore awarded damages to Zab in excess of the maximum price term in the contract. The court cancelled all but one of the promissory notes, finding that they did not evidence actual debts.

## THE SUFFICIENCY OF THE EVIDENCE

Of the numerous issues raised on appeal, most are challenges to the sufficiency of the evidence supporting the findings of the district court. Laughlin challenges the findings that (1) the parties intended a cost-plus-profit contract with no maximum price; (2) the contract was substantially performed; and (3) the acceptance by Zab from Laughlin's bank of a check marked "final payment" was not intended to be an accord and satisfaction. Zab challenges the court's finding that all but one of the promissory notes did not represent actual debts between the parties.

We have examined the record, and we find that there is substantial evidence to support all of the court's findings. We have repeatedly held that where the trial court's findings are supported by substantial evidence they will not be disturbed on

appeal. Beverly Enterprises v. Globe Lane Corp., 90 Nev. 363, 526 P.2d 1179 (1974); Lawry v. Devine, 82 Nev. 65, 410 P.2d 761 (1966).

## THE AWARD OF ATTORNEY'S FEES

Attorney's fees may not be awarded in the absence of a statute, rule or contract. State ex rel. List v. Courtesy Motors, 95 Nev. 103, 590 P.2d 163 (1979). In the instant case the construction agreement expressly provided for an award of attorney's fees as did the promissory note. The district court did not err in awarding attorney's fees.

## THE AWARD OF PREJUDGMENT INTEREST

The district judge awarded prejudgment interest to Zab on the contract damages, the promisory note, and the $30,000.00 loan, at a rate of ten percent. Laughlin argues that this was error, because the damage amounts were unliquidated.

In Paradise Homes v. Central Surety, 84 Nev. 109, 437 P.2d 78 (1968), this court decided that prejudgment interest should be awarded in contract actions from the time the sum became due. It is irrelevant whether the judgment is for a liquidated or unliquidated sum. Arley v. Liberty Mutual Fire Ins. Co., 85 Nev. 541, 458 P.2d 742 (1969). The court did not err in awarding prejudgment interest.

However, in the absence of an express, written agreement, the rate of interest to be awarded is governed by NRS 99.040. *Paradise Homes, supra,* 84 Nev. at 116; 437 P.2d at 83. At the time of the judgment in the instant case, the statute provided for interest at a rate of eight percent. It was error for the district court to award interest at ten percent on the contract damages and the $30,000.00 loan. The court's action was correct with respect to the promissory note, which provided for ten percent interest. Accordingly, the judgment is modified to provide interest at eight percent on the contract damages and the $30,000.00 loan.

Other assignments of error have been considered and found meritless. As modified, the judgment is affirmed.