**LAKE TAHOE SAILBOAT SALES AND CHARTER, INC., Plaintiff,**

v.

**DOUGLAS COUNTY, a Political Subdivision of the State of Nevada, Defendant.**

**No. CV–R–81–295–ECR.**

United States District Court, D. Nevada.

May 11, 1983.

Lionel, Sawyer & Collins by Richard W. Horton, Reno, Nev., for plaintiff.

Michael Smiley Rowe, Dist. Atty., Douglas County, Nev., Minden, Nev., for defendant.

### ORDER

EDWARD C. REED, Jr., District Judge.

Pursuant to an order contained in the Memorandum Decision of the Court, on March 9, 1983, the Clerk of the Court entered judgment "in favor of Plaintiff and against Defendant in the sum of $21,-820.00." Plaintiff has filed a timely Fed.R. Civ.P. 59(e) motion to amend the judgment by providing for both prejudgment and postjudgment interest on the said sum. Points and authorities have been submitted by both sides, and the Court feels fully advised.

28 U.S.C. § 1961 was amended on April 2, 1982, with an effective date of October 1, 1982. It is applicable here. Subsection (a) reads, in pertinent part, as follows:

> "Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges."

Subsection (b) provides that the interest shall be computed daily to the date of payment.

■ Thus, it is mandatory that postjudgment interest be allowed where a money judgment has been recovered in a civil case. A notice provided by the Director of the Administrative Office advises that the applicable rate on March 9, 1983, was 8.99%. Defendant has alleged, without contravention, that it issued a check in the principal sum of the judgment, on March 25, 1983, payable to Plaintiff's counsel. The Court deems payment to have been made on said date. Therefore, Plaintiff is entitled to postjudgment interest on the sum of $21,-820.00 at the rate of 8.99% per annum for a period of sixteen (16) days.

■ In diversity cases, such as this one, state law governs the award of prejudgment interest. *Komie v. Buehler Corporation,* 449 F.2d 644, 649 (9th Cir.1971); *In re Pago Pago Aircrash of January 30, 1974,* 525 F.Supp. 1007, 1009 (C.D.Cal.1981). This Court has found, as reflected in its Memorandum Decision, that Defendant assumed the obligation to pay for Plaintiff's services beginning November 17, 1980, and that the measure of the obligation was the reasonable value of those services. This constituted an implied contract. *See Checker, Incorporated v. Zeman,* 86 Nev. 216, 467 P.2d 100, 102 (1970). In such a case, NRS 99.040 governs the award of prejudgment interest. *See Laughlin Recreational Enterprises v. Zab Development Co.,* 98 Nev.Adv.Op. 85, 646 P.2d 555, 557 (1982). The statute provides that "interest must be allowed at the rate of 12 percent per annum upon all money from the time it becomes due, . . . ."

In Nevada it is clear that such prejudgment interest is to be awarded even if the amount due was unliquidated prior to the entry of judgment. *Southdown, Inc. v. McGinnis,* 89 Nev. 184, 510 P.2d 636, 642 (1973); *Laughlin, supra* at 646 P.2d 557; *Close v. Isbell Construction Co.,* 86 Nev. 524, 471 P.2d 257, 260 (1970). The Ninth Circuit, also, favors this approach, that is, that prejudgment interest should start to accrue even before the sum owed has become fixed in amount. *Turner v. Japan Lines,* 702 F.2d 752, 756 n. 4 (1983).

Prejudgment interest is allowed, in Nevada, on the money value of the plaintiff's services as determined from established market prices of the subject matter. *Close, supra* at 471 P.2d 260. The principal sum ($21,820.00) of the judgment herein was determined on that basis. The money became due upon the completion of Plaintiff's services, namely on November 22, 1980. Therefore, under NRS 99.040, Plaintiff is entitled to prejudgment interest on $21,820.00 at the rate of twelve percent per annum from November 22, 1980, to the date of entry of judgment herein, which was March 9, 1983.

IT IS, THEREFORE, HEREBY ORDERED that the Clerk of the Court shall enter an amended judgment herein, which shall run in favor of Plaintiff and against Defendant in the sum of $21,820.00, together with prejudgment interest at the rate of 12% per annum on said sum for the period from November 22, 1980, to March 9, 1983, and postjudgment interest at the rate of 8.99% per annum on the same sum for the period from March 9, 1983, to March 25, 1983.