LAKE TAHOE SAILBOAT SALES AND CHARTER, INC., Plaintiff,

v.

DOUGLAS COUNTY, a political subdivision of the State of Nevada, Defendant.

No. CV–R–81–295–ECR.

United States District Court, D. Nevada.

June 29, 1983.

---

Lionel, Sawyer & Collins by Richard W. Horton, Reno, Nev., for plaintiff.

Michael Smiley Rowe, Dist. Atty., Douglas County, Nevada, by Stephen C. Balkenbush, Chief Deputy Dist. Atty., Minden, Nev., for defendant.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Defendant Douglas County has moved the Court to reconsider and reverse its award of prejudgment interest to Plaintiff, 562 F.Supp. 523. It is urged that the Court is without jurisdiction to award the interest because such an award requires the existence of an express or implied contract, and the issue of whether a contract existed was not before the Court. The pretrial order in this case is controlling, Defendant argues, and it does not provide for the existence of a contract as an admitted or contested issue of fact, nor as a contested issue of law.

A party may not offer evidence or advance theories at the trial which are not included in the pretrial order. *United States v. First National Bank of Circle,* 652 F.2d 882, 886 (9th Cir.1981). However—"That is not to say that a pretrial order should not be liberally construed to permit evidence and theories at trial that can fairly be said to be embraced within its language." *Ibid.* Said case explains that evidence or theories which are not at least implicitly included in the order must be barred.

In the instant action, several "admitted facts" contained in the pretrial order are particularly pertinent. They are:

(a) The decision to have the body of speedboat pilot Lee Taylor removed from Lake Tahoe was made by the Coroner of Defendant Douglas County while acting within the scope of his authority as an officer of the County;

(b) Plaintiff located the body of Mr. Taylor in the lake and removed it therefrom; and

(c) Defendant is obligated to Plaintiff for the reasonable value of Plaintiff's services rendered in locating and removing the body.

In *Ewing v. Sargent,* 87 Nev. 74, 482 P.2d 819, 823 (1971), the Nevada Supreme Court held that an agreement to pay for valuable services rendered in anticipation of compensation may be implied when an express agreement defining the compensation cannot be found. The opinion noted that "when a right to reasonable compensation is placed in issue by the pleadings or is litigated by express or implied consent of the parties," recovery may be allowed. *See also Whiteman v. Brandis,* 78 Nev. 320, 372 P.2d 468, 469 (1962).

**310**

The pretrial order herein specified that a contested issue of fact was the reasonable value of Plaintiff's services in locating and removing Mr. Taylor's body following Defendant's request for removal. Such an issue presupposes the existence of an implied contract. *See Checker, Inc. v. Zeman,* 86 Nev. 216, 467 P.2d 100, 102 (1970). The necessity for the trier of fact to determine whether an implied contract had come into existence was obviated by the parties stipulating, in the pretrial order, that the reasonable value of the services was at issue. The reasonable value of the plaintiff's services would not have been stipulated to be an issue for litigation if the defendant's defense was that those services were gratuitous or that any obligation to compensate the plaintiff was merely moral, and not legal. *See Willard v. Buck,* 85 Nev. 34, 449 P.2d 471, 472 (1969); *Christensen v. Duborg,* 38 Nev. 404, 150 P. 306, 308 (1915).

Defendant has pointed out that the Court's Memorandum Decision, filed March 8, 1983, at page 11 states that the issue before the Court was not a matter of contract, but rather of determining the reasonable value of Plaintiff's services. What was being discussed in that part of the Decision was whether it would be reasonable to include a surcharge for work under dangerous conditions in making the determination of reasonable value. No contract provisions could be looked at to decide the appropriateness of such a surcharge. The statement was intended to be limited only to that context.

Since interest is recoverable as a matter of right in an action on implied contract, *Checker, Inc. v. Zeman, supra* at 467 P.2d 102,

IT IS HEREBY ORDERED that Defendant's Motion to Amend the Amended Judgment and/or Motion for Reconsideration be, and the same hereby is, DENIED.