**131 Nev., Advance Opinion 3**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DAVID ABARRA,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 62107<br><br>**FILED**<br><br>FEB 05 2015<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY _____<br>CHIEF DEPUTY CLERK |

Appeal from a district court order granting a motion to dismiss for failure to exhaust administrative remedies. First Judicial District Court, Carson City; James Todd Russell, Judge.

*Affirmed in part, reversed in part, and remanded.*

Robison Belaustegui Sharp & Low and Therese M. Shanks and Kent R. Robison, Reno,
for Appellant.

Adam Paul Laxalt
~~Catherine Cortez Masto~~, Attorney General, and Clark G. Leslie, Senior Deputy Attorney General, Carson City,
for Respondent.

_____

BEFORE PARRAGUIRRE, SAITTA and PICKERING, JJ.

*OPINION*

By the Court, PARRAGUIRRE, J.:

In this appeal, we are asked to determine whether the district court erred in dismissing appellant's complaint against various state entities and prison officials for failure to exhaust administrative remedies. Additionally, we are asked to determine whether appellant stated a due process claim in his complaint. We hold that the district court erred in concluding that appellant failed to exhaust his administrative remedies;

5/12/15: Opinion Corrected per letter to publishers. CT    15-03800

however, the district court correctly determined that appellant failed to state a due process claim. Therefore, we affirm in part, reverse in part, and remand.

## FACTS

In February 2011, a correctional officer at Northern Nevada Correctional Center (NNCC) found appellant David Abarra, an NNCC inmate, carrying 21 pills, a contraband pornographic magazine that included a note stating that an unspecified item or service would be "the usual price," and another inmate's completed W-2 form. NNCC charged Abarra with, among other things, unauthorized trading or bartering and providing legal services for a fee. Abarra pleaded guilty to bartering but pleaded not guilty to providing legal services for a fee (an "MJ29" violation).

At a disciplinary hearing, Abarra stated that although he was guilty of passing contraband, the "usual price" note was in reference to the magazine itself and that he was returning the W-2 to another prisoner as part of his work as a prison law clerk. The NNCC convicted Abarra of the MJ29 violation and, as punishment, removed him from his position as a law clerk.

Abarra challenged the MJ29 discipline through an informal grievance, followed by a first-level formal grievance.[1] According to the first-level grievance, Abarra disagreed "with the finding of guilt on the MJ29. There is no showing of any legal work being done or any proof of

---

[1]The prison's grievance process requires an inmate to first file an informal grievance, followed by first- and second-level formal grievances. *See generally* NDOC AR 740.

fees being charged." He also disagreed with the severity of his punishment. In response, Abarra received a letter from NNCC's associate warden stating that Abarra "exhausted the grievance process on this issue, therefore [his grievance] is moot and no further response is forth coming [sic]."

Thereafter, Abarra filed a complaint in district court asserting five claims: (1) improperly filing the MJ29 disciplinary charge, (2) refusing to correct the improper MJ29 charge at the disciplinary hearing, (3) improperly convicting him of violating MJ29, (4) violating his due process rights by refusing to hear his grievance appeals, and (5) retaliation for exercising his First Amendment rights. The State filed a motion to dismiss, and the district court concluded that dismissal was proper because Abarra failed to exhaust the grievance process. According to the district court, Abarra did not exhaust claims one (improper filing), two (failure to correct), four (due process), and five (first amendment) because his grievance only addressed claim three (the actual finding of guilt). Further, Abarra did not exhaust claim three (improper finding of guilt) because he never filed a second-level grievance. The district court also dismissed Abarra's fourth claim (due process) because he had no liberty interest in a disciplinary appeals process. Abarra now appeals.

*DISCUSSION*

On appeal, Abarra argues that (1) he exhausted the administrative remedies for claim three because the associate warden's letter rendered pursuit of further remedies futile; (2) he exhausted the administrative remedies for claims one, two, four, and five because they were included in his grievances; and (3) he adequately pleaded a due process claim.

This court reviews de novo an order granting dismissal under NRCP 12(b)(5). *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008).

*Abarra exhausted the administrative remedies for claim three*

In order to initiate an action for damages against the Department of Corrections, a prisoner must first exhaust his or her administrative remedies. NRS 41.0322(1). However, the exhaustion doctrine only applies to *available* administrative remedies. *State, Dep't of Taxation v. Masco Builder Cabinet Grp.*, 129 Nev. ___, ___, 312 P.3d 475, 478 (2013). To that end, this court has declined to require exhaustion "when a resort to administrative remedies would be futile." *Malecon Tobacco, LLC v. State, Dep't of Taxation*, 118 Nev. 837, 839, 59 P.3d 474, 476 (2002).

NNCC's associate warden responded to Abarra's first-level grievance with a letter stating that Abarra "exhausted the grievance process" and that "no further response is forth coming [sic]." This letter forestalls, in no uncertain terms, any further efforts by Abarra to pursue his grievance. Further efforts by Abarra would have been futile, meaning he fulfilled the exhaustion requirement set out in NRS 41.0322(1) for claim three and any other claims asserted through his first-level grievance. *See id.*

*Abarra exhausted the administrative remedies for claims one, two, four, and five*

Like NRS 41.0322(1), the federal Prison Litigation Reform Act (PLRA) requires prisoners to exhaust administrative remedies before filing suit. 42 U.S.C. § 1997e(a) (2012). Under the PLRA, a prison's grievance process defines "'[t]he level of detail necessary in a grievance to comply with the grievance procedures.'" *Akhtar v. Mesa*, 698 F.3d 1202,

1211 (9th Cir. 2012) (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)). If the grievance procedures do not "instruct prisoners on what precise facts must be alleged in a grievance, 'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" *Id.* (quoting *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009)). Thus, "[a] grievance need not include legal terminology or legal theories," nor does it need to "contain every fact necessary to prove each element of an eventual legal claim." *Griffin*, 557 F.3d at 1120. This is in accord with Nevada's own jurisprudence, where "[a] plaintiff who fails to use the precise legalese in describing his grievance but who sets forth the facts which support his complaint thus satisfies the requisites of notice pleading." *Liston v. LVMPD*, 111 Nev. 1575, 1578, 908 P.2d 720, 723 (1995).

The pertinent prison regulations require a first-level grievance to consist of "a signed, sworn declaration of facts that form the basis for a claim." NDOC AR 740.06 § 2. The grievance procedures do not require more than the underlying facts, and they do not require a separate grievance for each legal theory. Here, Abarra's grievance provides the "facts that form the basis for a claim." *Id.* All of Abarra's claims revolve around his contentions that he was improperly found guilty of and punished for the MJ29 violation. His grievance sets forth those facts. Therefore, the prison had sufficient notice of claims one, two, four, and five.[2] Accordingly, Abarra fulfilled the exhaustion requirement for claims one, two, four, and five because they were included in the grievances he

---

[2]Indeed, requiring greater specificity would undermine the purpose of a notice pleading standard for grievances. *See Griffin*, 557 F.3d at 1120 ("The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.").

 

submitted, and the associate warden's letter made continued efforts at exhaustion futile.

*Abarra failed to state a due process claim*

Due process requires that, at a minimum, "some evidence" supports disciplinary findings. *Burnsworth v. Gunderson*, 179 F.3d 771, 775 (9th Cir. 1999). Abarra failed to state a due process claim because some evidence supports the disciplinary findings against him. Abarra was found guilty of providing legal services for a fee based on his possession of another inmate's W-2 and a note stating that an unspecified item would be "the usual price." Although the conclusion that the note and W-2 were related is tenuous, it cannot be said that these facts do not constitute some evidence. The district court properly dismissed claim four because the State presented some evidence to support the disciplinary findings.

Accordingly, we reverse the district court's order dismissing Abarra's complaint in part and affirm in part; we remand this matter for further proceedings.

_____, J.
Parraguirre

We concur:

_____, J.
Saitta

_____, J.
Pickering