MEMORANDUM *
Mark Schwartz appeals the district court’s grant of summary judgment in favor of defendants on his Americans with Disabilities Act (“ADA”), Age Discrimination in Employment Act (“ADEA”), and § 1983 claims. The district court held that Schwartz failed to raise a genuine dispute of material fact as to whether his termination was motivated by his disability or his age, rather than by legitimate budgetary concerns. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.
1. Schwartz has raised a genuine dispute of material fact as to whether his selection for a layoff was pretext for unlawful discrimination. The record evidence shows that Clark County hired Schwartz pursuant to an agreement settling a charge of discrimination he filed with the Nevada Equal Rights Commission. During his eighteen-year tenure in the Business Licensing Department, Schwartz consistently met or exceeded expectations and was “an exemplary team member,” yet was isolated and ignored by the head of the department, Jacqueline Holloway.
The record also supports Schwartz’s theory that Holloway manipulated the- results of the Human Resources (“HR”) study to single him out for a layoff: HR initially recommended title changes for only two of the six Management Analysts in the Business Licensing Department. After Holloway became involved, five of the six — all of whom were non-disabled and younger than Schwartz — either received or was offered a title change, while *544 Schwartz remained classified as a Management Analyst. Holloway then laid off all of the Management Analysts in her department pursuant to the reduction in force. Additionally, during her deposition, Holloway repeatedly lied about her involvement in the HR study and title change process: Holloway testified that she learned of the HR study results just one month before they were finalized, and she had input only as to one “technical note.” However, internal memoranda reveal that Holloway received the study results more than nine months before they were finalized, and HR “invite[d] [her] comments or suggestions.” Similarly, Holloway testified that she was not aware that S.P. had been offered a title change. But email correspondence shows that Holloway was aware of the proposed change. In fact, when Holloway and Daniel Hoffman received push back from HR for S.P.’s proposed title change, one of Holloway’s employees wrote and sent Holloway a statement defending it. A reasonable jury could infer that this false testimony evinced Holloway’s consciousness that she had unlawfully singled Schwartz out for the layoff.
Although “the circumstantial evidence relied on by the plaintiff must be specific and substantial” to defeat a motion for summary judgment, “a plaintiffs burden to raise a triable issue of pretext is hardly an onerous one.” France v. Johnson, 795 F.3d 1170, 1175 (9th Cir.2015), as amended on reh’g (Oct. 14, 2015) (citations omitted). Considering this and other evidence in the light most favorable to Schwartz, a reasonable jury could conclude that Holloway’s explanation is “unworthy of credence” and that Schwartz was, in fact, terminated because of his disability and/or age. Id.[1]
2. The district court also erred in granting summary judgment on Schwartz’s § 1983 claim. The district court held that Schwartz’s parallel constitutional claim failed because he “provide[d] no evidence that a discriminatory policy or practice enacted by the municipality existed.” But Schwartz asserted a § 1983 claim only against Holloway, arguing that she abused her position to discriminate against him in violation of his rights to due process and equal protection. The evidence supporting Schwartz’s ADA and ADEA claims also raises a triable issue as to this claim.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir R. 36-3.

. The dissent emphasizes that Holloway never made negative comments about Schwartz's disability or age to Schwartz or his co-workers, thereby inferring that Holloway simply "was not particularly fond of” Schwartz. As the Supreme Court has observed, however, contemporary discrimination tends to be more subtle than the "undisguised restrictions” and overt expressions of bias that were once commonplace. Ricci v. DeStefano, 557 U.S. 557, 620, 129 S.Ct. 2658, 174 L.Ed.2d 490 (2009). And discrimination, "subtle or otherwise,” is intolerable and unlawful. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 801, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).