# IN THE SUPREME COURT OF THE STATE OF NEVADA

NEVADA DIRECT INSURANCE COMPANY,
Appellant,
vs.
SAUNDRA TORRES,
Respondent.

No. 71918

**FILED**

JUL 2 6 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a special order after final judgment awarding attorney fees and costs. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

A vehicle insured by appellant, Nevada Direct Insurance Company (NDIC), struck Saundra Torres' vehicle, injuring her. Torres filed suit against the vehicle's driver and owner who were represented by an attorney hired by NDIC. In the meantime, NDIC filed a declaratory relief action against the vehicle's driver and owner, obtaining a default judgment ruling that it had no further duty to defend or indemnify the driver and owner, but not affecting Torres' ability to pursue claims available to her under the insurance policy. Roughly nine months later, in Torres's tort action against the driver and owner of the other vehicle, the district court entered a $57,321.75 default judgment in favor of Torres.

Torres subsequently filed a complaint against NDIC for breach of contract, promissory estoppel, and bad faith/breach of the implied covenant of good faith and fair dealing. On NDIC's motion, the district court dismissed Torres' bad faith claim. NDIC then moved for summary judgment on Torres' remaining claims. In response, Torres argued that she

*18-28838*

was entitled to relief under a breach of contract theory because NRS 485.3091(5)(a)[1] states that an insurance policy may not be cancelled after the occurrence of injury or damage covered by that policy. The district court allowed the trial to proceed, and Torres closed by reasserting that her breach of contract claim was supported by NRS 485.3091(5)(a), entitling her to recover at least the $15,000 policy limit. The court ruled in favor of NDIC, finding that Torres' breach of contract claim failed because she held no contract rights, and her promissory estoppel claim failed because there was no detrimental reliance. It awarded NDIC costs in the amount of $3,705.87.

Torres then appealed to this court. We issued an opinion holding that Torres was not entitled to relief for her breach of contract, promissory estoppel, or bad faith claims, but she was entitled to relief under Nevada's absolute liability statute, NRS 485.3091. *Torres v. Nev. Direct Ins. Co.*, 131 Nev. 531, 538 & n.4, 541-42, 353 P.3d 1203, 1208 & n.4, 1210-11 (2015). We reversed the district court's judgment as to the application of NRS 485.3091 and its award of costs in favor of NDIC, and remanded for proceedings consistent with that opinion. *Id.* at 542 & n.6, 353 P.3d at 1211 & n.6.

On remand, the district court entered judgment in favor of Torres for $19,681.18, accounting for the policy limits and interest on that sum. Torres moved for costs and attorney fees under NRS 18.010 and 18.020. The district court granted the motion in part, and entered an order awarding Torres $109,281.25, reasoning that Torres had become the

---

[1]We note that NRS 485.3091 has been amended twice since the date of the original proceeding, *see* 2015 Nev. Stat., ch. 317, § 60, at 1652-53; 2017 Nev. Stat., ch. 258, § 5, at 1341-42, but these amendments do not affect our analysis.

prevailing party. NDIC appeals, arguing that Torres did not bring a claim for statutory relief under NRS 485.3091 and should not have been deemed the prevailing party for the purpose of the award of costs and fees. Having considered the parties' arguments and the record, we conclude that the district court properly found Torres to be a prevailing party under NRS 18.010 and NRS 18.020, and affirm the district court's award of costs and attorney fees.

## DISCUSSION

While we review a district court's award of attorney fees for an abuse of discretion, whether a party is eligible to be awarded attorney fees under a statute is reviewed de novo. *In re Estate of Miller*, 125 Nev. 550, 552-53, 216 P.3d 239, 241 (2009).

NRS 18.010(2) provides that a court may make an award of attorney fees to a prevailing party when that party has recovered less than $20,000. NRS 18.020(3) requires costs to be allowed to the prevailing party where the plaintiff sought to recover more than $2,500. A prevailing party is one that "succeeds on *any significant issue* in litigation which *achieves some of the benefit it sought* in bringing suit." *Las Vegas Metro. Police Dep't v. Blackjack Bonding, Inc.*, 131 Nev. 80, 90, 343 P.3d 608, 615 (2015). Therefore, our analysis turns on (1) whether Torres' entitlement to relief under NRS 485.3091 was litigated in the district court and (2) whether being awarded the insurance policy's limits was part of the relief she sought.

In determining whether Torres succeeded on a significant issue of the litigation, we do not stop at the claims asserted in her complaint. A court may hear issues not argued in the pleadings if the parties have expressly or impliedly consented. *I. Cox Constr. Co. v. CH2 Invs., LLC*, 129 Nev. 139, 143, 296 P.3d 1202, 1204 (2013); *Close v. Isbell Const. Co.*, 86 Nev. 524, 527-28, 471 P.2d 257, 259-60 (1970); *see also* NRCP 15(b). Where a

party argues a theory of recovery at trial that was not in the pleadings, and the opposing party does not object to argument of that theory, they will be deemed to have impliedly consented to its litigation. *Whiteman v. Brandis*, 78 Nev. 320, 322, 372 P.2d 468, 469 (1962). In such an instance, the issue "shall be treated in all respects as if [it] had been raised in the pleadings.". *Close*, 86 Nev. at 527, 471 P.2d at 260. Additionally, mislabeling a claim is not fatal where the theory of recovery and supporting facts are clearly presented. *Liston v. Las Vegas Metro. Police Dep't.*, 111 Nev. 1575, 1578, 908 P.2d 720, 723 (1995).

Here, the record reflects that Torres repeatedly argued that she was entitled to relief under NRS 485.3091 at trial. Though it was raised as a component of her breach of contract claim, her alleged entitlement to relief under the statute and the facts supporting her requested relief were never obscured. While NDIC argues that it could not have consented to the litigation of NRS 485.3091 because it was raised in the context of supporting Torres' breach of contract claim, the mislabeling of the claim did not obscure NDIC's notice of the statutory theory of relief. Therefore, Torres' entitlement to relief under NRS 485.3091 was a significant issue of litigation on which she succeeded.

As to whether Torres attained some of the benefit she sought in litigation, in her Complaint, Torres asked for relief that would "enforce[ ] NDIC's promise to provide insurance coverage," and that she was entitled to such relief "pursuant to the policy." At trial, she maintained that she was "entitled to $15,000 under the insurance policy." Torres' entitlement to the

limits of the insurance policy was by no means uncontested either,[2] as NDIC asserted in its motion for summary judgment that it "is not now nor ever was obligated to defend and indemnify" the vehicle's driver or owner. While Torres undoubtedly sought relief beyond the limits of the insurance policy, it was clearly among her requests for relief.

NDIC's further argument that *Golightly & Vannah, PLLC v. TJ Allen, LLC*, 132 Nev., Adv. Op. 41, 373 P.3d 103 (2016), and *Chowdhry v. NLVH, Inc.*, 109 Nev. 478, 851 P.2d 459 (1993), establish that the benefit Torres received did not establish her as the prevailing party is similarly unconvincing. In *Golightly*, this court concluded that the appellant was not the prevailing party because the monetary relief granted was contrary to the relief sought. *See* 132 Nev., Adv. Op. 41, 373 P.3d at 107. In *Chowdhry*, we concluded that the defendant was properly deemed the prevailing party because the plaintiff did not succeed on any significant issue. *See* 109 Nev. at 486, 851 P.2d at 464. Both are distinguishable from the present case, as Torres sought relief in the form of the policy limit and prevailed on one of her stated grounds for relief.

---

[2]While NDIC contends that Torres rejected its offer of the policy limit, and consequently could not have been seeking it as relief, we addressed this issue in the prior proceeding. We noted that the offer of settlement did not occur in this case, but NDIC's previous action for declaratory relief. *Torres*, 131 Nev. at 538 n.5, 353 P.3d at 1209 n.5. Furthermore, accepting the offer would have precluded Torres from pursuing additional claims. *Id.* The fact that Torres hoped to obtain relief beyond the policy limit does not contradict the conclusion that the policy limit constituted "some of the benefit [she] sought." *Blackjack*, 131 Nev. at 90, 343 P.3d at 615.

We conclude that Torres succeeded on a significant issue at trial, attained some of the benefit sought in bringing suit, and was correctly deemed the prevailing party. Therefore, the district court did not err in awarding Torres attorney fees and costs pursuant to NRS 18.010 and NRS 18.020. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Salvatore C. Gugino, Settlement Judge
        Murchison & Cumming, LLC/Las Vegas
        Ganz & Hauf/Las Vegas
        Eighth District Court Clerk