**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK J. SCHWARTZ, | No.   18-15930 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00709-JCM-VCF |
| v. | |
| CLARK COUNTY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted August 7, 2019[**]
Anchorage, Alaska

Before:  TALLMAN, IKUTA, and N.R. SMITH, Circuit Judges.

Mark Schwartz appeals from the grant of summary judgment and the jury

verdict in favor of defendants on his claims of age and disability discrimination

under federal and state law.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291.

The district court did not err in concluding that Schwartz's supervisor, Jacqueline Holloway, was entitled to qualified immunity on Schwartz's § 1983 claim, because Schwartz failed to carry his burden of showing that it is clearly established that a county official violates an employee's constitutional rights by manipulating job titles to affect the seniority of an employee for purpose of layoff decisions that are alleged to discriminate on the basis of age or disability. *See Kisela v. Hughes*, 138 S. Ct. 1148, 1152–53 (2018) (per curiam). While our prior order, *Schwartz v. Clark Cty.*, 650 F. App'x 542, 543–44 (9th Cir. 2016), held that Schwartz had raised a genuine issue of material fact as to whether there was a constitutional violation, it did not address whether any alleged constitutional violation was clearly established, and so does not affect our conclusion here.

We reject Schwartz's argument that the district court's statements before the jury deprived him of a fair trial. Reviewing "the trial record as a whole," *Kennedy v. L.A. Police Dep't*, 901 F.2d 702, 709 (9th Cir. 1990) *abrogated on other grounds by Hunter v. Bryant*, 502 U.S. 224 (1991) (per curiam), the district court's comments related to the quality and relevance of counsel's evidence rather than to counsel's good faith or integrity, and so do not warrant a retrial, *see, e.g., Pau v.*

*Yosemite Park and Curry Co.*, 928 F.2d 880, 885 (9th Cir. 1991); *Shad v. Dean Witter Reynolds, Inc.*, 799 F.2d 525, 531 (9th Cir. 1986).

The district court did not abuse its discretion when it refused to instruct the jury that a witness had previously lied under oath because, among other reasons, it otherwise covered witness credibility in its impeachment instruction. *See Jones v. Williams*, 297 F.3d 930, 937 (9th Cir. 2002) (no error when "the judge gave jury instructions that properly covered the law"). Nor did the district court abuse its discretion when it denied Schwartz's request to instruct the jury that pretext could be shown by direct or indirect evidence because it generally instructed the jury that it "should consider both direct and circumstantial evidence." Finally, the district court did not err when it denied Schwartz's request to give a mixed-motive jury instruction and instead instructed the jury that it must determine whether Schwartz was laid off "because of" his age or disability. The instruction tracked the language of the statute, *see* N.R.S. § 613.330(1)(a), (b), which prohibits discrimination "because of" an individual's age or disability, and Schwartz failed to point to Nevada case law that would support a mixed-motive instruction in this context. Moreover, the Nevada Supreme Court has held that mixed-motive instructions generally go against Nevada's strong public policy of at-will employment. *See Allum v. Valley Bank of Nev.*, 970 P.2d 1062, 1066 (Nev. 1998).

3

While Nevada courts may look to analogous federal law for guidance with discrimination claims under § 613.330, *see, e.g.*, *Liston v. Las Vegas Metro Police Dep't*, 908 P.2d 720, 721 n.2 (Nev. 1995), we have held that a mixed-motive instruction is not proper for federal disability discrimination claims, *see Murray v. Mayo Clinic*, No. 17-16803, slip op. at 10–11 (9th Cir. Aug. 20, 2019).

**AFFIRMED**.