**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 15 2020

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| WILLIAM CLARK, | No. 19-16369 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00392-APG-BNW |
| v. | |
| MIRAGE CASINO-HOTEL, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court for Nevada, Las Vegas
Andrew P. Gordon, District Judge, Presiding

Submitted June 11, 2020[**]
San Francisco, California

Before: MILLER and HUNSAKER, Circuit Judges, and RAYES,[***] District Judge.

Plaintiff-Appellant William Clark accuses Defendant-Appellee Mirage

Casino-Hotel, Inc. ("Mirage") of terminating his employment because of his age in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

violation of the Age Discrimination in Employment Act (ADEA) and its Nevada state law counterpart.[1]  At summary judgment, the district court assumed that Clark had established a *prima facie* case of age discrimination but concluded that Clark had failed to show Mirage's non-discriminatory reason for the termination was pretextual.  Clark appeals that determination.  The parties are familiar with the facts, so we do not recount them here.  We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's grant of summary judgment *de novo*. *Vasquez v. Cty. of L.A.*, 349 F.3d 634, 639 (9th Cir. 2003).  We affirm.

ADEA claims are governed by the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  "Under this framework, the employee must first establish a *prima facie* case of age discrimination." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (emphasis added).  The burden then "shifts to the employer to articulate a legitimate, non-discriminatory reason for its adverse employment action." *Id.*  "If the employer does so, the plaintiff must show that the articulated reason is pretextual 'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is

---

[1] Clark also accused Mirage of subjecting him to a hostile work environment because of his age.  On this claim, the district court found no genuine issue of material fact and concluded that Mirage was entitled to judgment as a matter of law.  Clark does not challenge this determination on appeal.

unworthy of credence.'" *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1124 (9th Cir. 2000) (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)). An employee's evidence on this point "must be both *specific and substantial* to overcome the legitimate reasons put forth by" the employer. *Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 659 (9th Cir. 2002). This same framework applies to Nevada's corresponding state law. *See* Nev. Rev. Stat. § 613.330*; Liston v. Las Vegas Metro. Police Dep't*, 908 P.2d 720, 721 n.2 (Nev. 1995).

Assuming, as the district court did, that Clark can establish a *prima facie* case of age discrimination, the district court properly granted summary judgment because Mirage proffered a legitimate, non-discriminatory reason for terminating Clark, which Clark failed to rebut with specific and substantial evidence. Specifically, Mirage contends that it terminated Clark because he violated a Workplace Violence Policy by threatening another employee. Clark presents no direct evidence of pretext. He instead argues that Mirage's proffered reason is not worthy of credence because there are inconsistencies between the various witness accounts of the incident, and because Mirage's Workplace Violence Policy allows for less drastic sanctions than termination, especially when considering Clark's overall positive work record and lack of disciplinary history. The minor semantic differences between the witness accounts are immaterial, however, as all witnesses

reported that Clark made a violent threat, and even Clark admitted that his comments probably were inappropriate. And although the Workplace Violence Policy permits less drastic sanctions, there is no evidence that any Mirage employee engaged in similar conduct yet retained his or her employment. Clark therefore has not shown that Mirage's reason for his termination is unworthy of credence.

At bottom, Clark questions whether Mirage made the right call. But we do not second-guess Mirage's business judgment. The question is not whether Mirage made the right or wrong decision; it is whether Mirage terminated Clark for an unlawful reason—his age. On this question, there is no genuine issue of material fact and the district court properly granted summary judgment for Mirage. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1285 (9th Cir. 2000).

**AFFIRMED.**

19-16369