# IN THE SUPREME COURT OF THE STATE OF NEVADA

LAS VEGAS SANDS CORP.,
Appellant,
vs.
RICHARD SUEN; AND ROUND
SQUARE COMPANY LIMITED,
Respondents.

No. 64594

**FILED**

JUL 2 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from a district court judgment on a jury verdict in a breach of contract action and a district court order denying a motion for judgment as a matter of law or new trial. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

On March 11, 2016, this court issued an order affirming in part, reversing in part, and remanding the district court's judgment in favor of respondent Round Square Co., Ltd. (Round Square). *See Las Vegas Sands Corp. v. Suen*, Docket No. 64594 (Order Affirming in Part, Reversing in Part, and Remanding, Mar. 11, 2016). Because we granted rehearing in this matter on June 24, 2016,[1] we withdraw the March 11, 2016, order and issue this order in its place.

This case arises out of business transactions between appellant Las Vegas Sands, Inc. (LVSI), and respondents Richard Suen

---

[1]*See Las Vegas Sands Corp. v. Suen*, Docket No. 64594 (Order Granting Petition for Rehearing, June 24, 2016). In light of this order, respondents' motion for leave to file a reply in support of the petition is denied as moot.

and Round Square. LVSI owns and operates several casino and hotel operations. Suen conducts business in Hong Kong, Macau, and the People's Republic of China (PRC). Round Square is a company registered in Hong Kong and partially owned by Suen.

Suen and Round Square engaged with LVSI to help LVSI obtain a gaming license in Macau. Suen also worked with, and coordinated the activities of, Zhu Zhensheng and Choi Yuen Yuen to assist LVSI. After the parties met, Suen and his associates set up meetings in Beijing between Sheldon Adelson, LVSI's Chairman and Chief Executive Officer; William Weidner, LVSI's former President; and high-ranking officials from the PRC. Eventually, Macau granted LVSI a subconcession that permitted it to build, finance, and operate casinos.

After negotiations concerning payment for Suen's and Round Square's efforts fell through, Suen and Round Square filed a complaint against LVSI alleging claims for breach of contract and quantum meruit. Prior to the first trial, the district court granted summary judgment in favor of LVSI on the breach of contract claims but did not discuss Round Square's quantum meruit claim. The jury awarded Suen $43.8 million on his quantum meruit claim after a 29-day trial. LVSI appealed the judgment, and Suen and Round Square cross-appealed the district court's entry of summary judgment on their breach of contract claims.

This court held, in *Las Vegas Sands, Inc. v. Suen*, Docket No. 53163 (Order Affirming in Part, Reversing in Part, and Remanding, Nov. 17, 2010) (hereinafter, *Suen I*), that Suen had standing to recover in quantum meruit on Choi's and Zhu's behalf. However, this court (1) reversed the judgment due to evidentiary and instructional errors, (2) reversed the grant of summary judgment in LVSI's favor on Suen and

Round Square's contract claims, and (3) remanded the matter for a new trial. *Id.* at *3.

After the second trial (hereinafter, *Suen II*), the jury awarded Round Square $70 million on its quantum meruit claim and found in favor of LVSI on all other claims. LVSI filed post-trial motions for judgment as a matter of law and a new trial or remittitur. The district court denied LVSI's post-trial motions and entered judgment pursuant to the jury's verdict.

LVSI now appeals, arguing that (1) the district court erred by submitting Round Square's quantum meruit claim to the jury; (2) Round Square lacked standing to pursue a quantum meruit claim; (3) the district court failed to properly instruct the jury on quantum meruit; (4) neither the jury's finding that Round Square conferred a benefit onto LVSI, nor the jury's award of damages are supported by substantial evidence; (5) the district court abused its discretion in several evidentiary rulings; and (6) other errors prejudiced LVSI's right to a fair trial.

We hold that there was insufficient evidence to support the jury's award of damages, and thus, a new trial on the issue of damages is warranted. We further hold that LVSI's other claims are without merit. Because the parties are familiar with the facts and procedural history in this case, we do not recount them further except as necessary for our disposition.

*The district court properly submitted Round Square's quantum meruit claim to the jury*

LVSI contends Round Square could not bring its quantum meruit claim in *Suen II* because it waived this claim by failing to appeal the claim's dismissal in *Suen I*. We disagree.

A district court's "oral pronouncement of judgment is not valid for any purpose; therefore, only a written judgment has any effect, and only a written judgment may be appealed." *Div. of Child & Family Servs. v. Eighth Judicial Dist. Court,* 120 Nev. 445, 452, 92 P.3d 1239, 1244 (2004) (internal quotation marks omitted). The district court's summary judgment order in *Suen I* only dismissed Round Square's contract claim; it did not mention, let alone dispose of, Round Square's quantum meruit claim. Because Round Square had no opportunity to appeal its quantum meruit claim, and because LVSI did not object to evidence regarding Round Square's quantum meruit claim, we hold that Round Square's quantum meruit claim was tried with the implied consent of the parties, and thus, the claim was properly before the jury.[2] *See* NRCP 15(b); *Whiteman v. Brandis,* 78 Nev. 320, 322, 372 P.2d 468, 469 (1962) (stating where evidence supporting a quantum meruit claim is received without objection, the claim is properly tried by the implied consent of the parties).

*Round Square has standing to recover in quantum meruit for the efforts of Suen, Zhu, and Choi*

---

[2]Because this court's previous order did not mention, let alone address, Round Square's quantum meruit claim, this court did not decide any rule of law concerning this claim. Therefore, we hold the law-of-the-case doctrine and mandate rule do not apply. *See Wheeler Springs Plaza, LLC v. Beemon,* 119 Nev. 260, 266, 71 P.3d 1258, 1262 (2003) ("Under the law-of-the-case doctrine, when an appellate court decides a rule of law, that decision governs the same issues in subsequent proceedings. The doctrine only applies to issues previously determined, not to matters left open by the appellate court." (internal footnote omitted)).

LVSI argues that Round Square lacked standing to recover in quantum meruit for the services rendered by Suen and his associates. We disagree. "Standing is a question of law reviewed de novo." *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011).

In *Suen I*, we concluded that (1) LVSI was aware Suen worked with Zhu and Choi in a joint effort to deliver LVSI a Macau gaming license, (2) LVSI directed the work performed by Suen's group, and (3) LVSI was aware Suen's group expected payment for their efforts. *Las Vegas Sands*, Docket No. 53163 at *6 (Order Affirming in Part, Reversing in Part, and Remanding, Nov. 17, 2010). As a result, we held that Suen, "as the coordinator of [Zhu's and Choi's] efforts," could recover in quantum meruit for their services. *Id.*

As Suen was entitled to recover in quantum meruit for the efforts of Zhu and Choi if he coordinated their efforts in an individual capacity, we see no reason why Round Square would not be able to recover for the efforts of Zhu and Choi if Suen coordinated their efforts in a representative capacity. In either case, (1) Zhu and Choi performed services to help secure LVSI a gaming license in Macau; (2) their services were coordinated by Suen, who received direction from LVSI; and (3) LVSI was aware the group expected to be paid for its efforts. *See Romy Hammes, Inc. v. McNeil Constr. Co.*, 91 Nev. 130, 132, 532 P.2d 263, 264 (1975) (holding the services of several subcontractors could be included as part of the contractor's quantum meruit recovery where testimony demonstrated such services were performed at the direction of the defendant); *see also Certified Fire Prot., Inc. v. Precision Constr., Inc.*, 128 Nev. 371, 381, 283 P.3d 250, 257 (2012) (stating a quantum meruit claim

 

may be brought where a benefit is conferred with a reasonable expectation of payment).

Furthermore, we conclude that there was sufficient evidence to support a finding that Suen was Round Square's agent and acted on Round Square's behalf. Round Square presented evidence that (1) Suen was a director of Round Square, (2) Suen provided Adelson and Weidner with his Round Square business card, (3) Suen communicated with LVSI on Round Square letterhead, (4) Suen signed the purported acceptance of the success fee as Round Square's director, and (5) LVSI sent its procurement offer to "roundsqr@yahoo.com." Therefore, we hold that Round Square was entitled to recover in quantum meruit for the efforts of Suen, Zhu, and Choi.

*The district court properly instructed the jury on quantum meruit*

LVSI contends the district court abused its discretion by failing to instruct the jury that (1) Round Square had to show its services conferred a benefit on LVSI, and (2) the jury needed to consider the market value of the services performed in awarding damages. We disagree. "A district court's decision to give or decline a proposed jury instruction is reviewed for an abuse of discretion or judicial error." *Atkinson v. MGM Grand Hotel, Inc.*, 120 Nev. 639, 642, 98 P.3d 678, 680 (2004).

A plaintiff seeking to recover in quantum meruit must demonstrate, *inter alia*, that its services "confer[red] a benefit on the defendant." *See Certified Fire*, 128 Nev. at 381, 283 P.3d at 257. A benefit is "any form of advantage," not just the specific advantage the parties purportedly agreed upon. *Id.* at 382, 283 P.3d at 257 (internal quotation marks omitted). Likewise, to have "value" means to be significant, desirable, or useful. *Value, Black's Law Dictionary* (10th ed. 2014). In the

context of quantum meruit, we conclude the terms "value" and "benefit" are interchangeable, as useful or desirable services are those that provide some form of advantage. Moreover, this is consistent with this court's precedent, wherein we have distinguished between services that provide value and those that either harm the recipient or leave him in the same position he would have been without the services. *See Certified Fire*, 128 Nev. at 383, 283 P.3d at 258 (holding that the plaintiff could not recover in quantum meruit where the work performed "was incomplete, incorrect, and late," thereby providing no "ascertainable advantage" to the defendant); *see also Thompson v. Herrmann*, 91 Nev. 63, 68, 530 P.2d 1183, 1186 (1975) (holding that the defendant could not recover in quantum meruit where the dam constructed had to be destroyed and rebuilt). Therefore, we conclude the district court did not abuse its discretion when it accurately reasoned that its instruction requiring Round Square to show it "performed a service of value to" LVSI adequately incorporated the benefit requirement.

Furthermore, we hold the district court did not abuse its discretion when it instructed the jury to "determine the reasonable value of [Round Square's] services," "consider[ing] the terms of any offers or proposals between the" parties "or any other evidence regarding the value of services." Although "[t]he actual value of recovery in [quantum meruit] cases is usually the lesser of (i) market value and (ii) a price the defendant has expressed a willingness to pay," *Certified Fire*, 128 Nev. at 381 n.3, 283 P.3d at 257 n.3 (internal quotation marks omitted), a previous agreement between the parties may be a proper consideration in determining the reasonable value of services rendered, *see Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 110 Nev. 984, 988-89, 879 P.2d 69, 71-72

(1994). Additionally, the focus of the instruction was on determining the "reasonable value of the services," and the instruction stated the jury could consider "any other evidence" in making this determination, which necessarily includes evidence of the services' market value.

*Substantial evidence supports the finding that Round Square conferred a benefit on LVSI, but does not support the jury's award of damages*

LVSI contends Round Square failed to present sufficient evidence that it conferred a benefit on LVSI. We disagree. We will affirm a jury's findings "if they are based upon substantial evidence in the record." *Prabhu v. Levine,* 112 Nev. 1538, 1543, 930 P.2d 103, 107 (1996). Substantial evidence is "that which a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

There was substantial evidence in the record to support the finding that Round Square conferred a benefit onto LVSI, even if the benefit was not the exact one the parties agreed upon. Suen translated documents, prepared a report about LVSI, and had the report delivered to Qian Qichen, China's Vice Premier. Suen also used his connections with, and coordinated the efforts of, Choi and Zhu to reach out to important government contacts in Beijing to arrange the Beijing meetings. Further, Choi used his connections to quickly get permission for Adelson's plane to land in Beijing so Adelson and Weidner could attend the Beijing meetings. During the meeting with Qian, Suen also translated for Adelson.

In addition, Weidner testified he wanted to meet Qian so he could capitalize on Suen's group's "guanxi"[3] and obtain an advantage in

_____

[3]The social concept of "guanxi," although difficult to define, describes an aspect of Chinese culture wherein two parties may develop a relationship—perhaps "based on family ties" or "familiar connections"— and that relationship is maintained and fostered through various "social

*continued on next page...*

the bidding process, thus indicating he believed the Beijing meetings would be valuable to LVSI's efforts in Macau. Weidner further testified the Beijing meetings were valuable because they helped LVSI learn about the Chinese and Macanese governments and gave LVSI the opportunity to appear helpful with China's bid to host the 2008 Olympics. Moreover, LVSI continued to use photographs from the Beijing meetings in its publications years later, suggesting the fact Adelson met with Qian was valuable to LVSI's ongoing interests in Asia. Finally, Suen advised LVSI that a partnership with China Development Industrial Bank might obstruct its efforts to receive a gaming license in Macau: a sentiment shared by Jorge Oliveira, a Macanese government lawyer appointed to the tender commission by Macau's Chief Executive Edmund Ho.

Therefore, we conclude Round Square presented substantial evidence that facilitating the Beijing meetings benefitted LVSI. However, we conclude a new trial is warranted as to damages, as substantial evidence does not support the jury's determination that the reasonable value of the services rendered amounted to $70 million.

Round Square presented Walter Bratic, who testified that the reasonable value of Round Square's services was $328 million, including past and future damages. This amount was based solely on Bratic's estimated value of the success fee offered to Suen, which was itself

---

...*continued*

activities" and a process of "reciprocal gift giving." Jacob Harding, *Corruption or Guanxi? Differentiating Between the Legitimate, Unethical, and Corrupt Activities of Chinese Government Officials*, 31 UCLA Pac. Basin L.J. 127, 130-31 (2014). "The culture of reciprocal gifting to build relationships, including gaining social introductions to government officials, has been documented for centuries." *Id.* at 131.

primarily based on a percentage of LVSI's net profits. Bratic also compared the value of the success fee to the procurement deal. In determining the reasonable value of Round Square's services, Bratic admitted that he made no attempt to determine what others would have charged for similar services.

Even assuming Bratic's testimony accurately identified the value of the success fee and the procurement deal, we hold that these metrics have a tenuous relationship with the reasonable value of Round Square's services in introducing LVSI to Chinese government officials. The "[c]ontract price and the reasonable value of services rendered are two separate things," and although the contract price may accurately capture the reasonable value of services rendered, it may also depart from it substantially. *Maglica v. Maglica*, 78 Cal. Rptr. 2d 101, 105 (Ct. App. 1998). For this reason, relying solely on the success fee does not ensure reasonable compensation for the value of Round Square's services, especially in light of the fact that the jury rejected Round Square's contract claim.[4]

As Round Square relied exclusively on Bratic's testimony, and as Bratic relied exclusively on contract damages to determine the value of Round Square's services, we hold there is not substantial evidence to support the jury's determination that the reasonable value of Round Square's services amounted to $70 million. We also decline to remit the damages award to LVSI's proposed amount of $1 million. Weidner simply estimated the number of hours Suen and his group might have worked

---

[4]We have considered Round Square's other arguments on this issue and conclude that they are without merit.

and multiplied those hours by a general hourly rate. This model reflects that which we have previously rejected in *Flamingo Realty*, and we hold a proper trial as to damages is warranted. 110 Nev. at 988, 879 P.2d at 72.

*The district court did not commit any evidentiary errors that warrant reversal*

LVSI contends the district court abused its discretion in several hearsay rulings and in admitting certain expert testimony. Therefore, LVSI contends reversal is warranted. We disagree.

We review a district court's determination regarding the admissibility of evidence for an abuse of discretion. *Sheehan & Sheehan v. Nelson Malley & Co.*, 121 Nev. 481, 492, 117 P.3d 219, 226 (2005). In the event of an abuse, such an evidentiary ruling does not warrant reversal if the error was harmless. NRCP 61; *Hallmark v. Eldridge*, 124 Nev. 492, 505, 189 P.3d 646, 654 (2008). To demonstrate prejudice, the appellant has the burden of proving "that, but for the error[s], a different result might reasonably have been expected." *Hallmark*, 124 Nev. at 505, 189 P.3d at 654 (internal quotation marks omitted).

Even assuming the district court abused its discretion in admitting various pieces of evidence, we conclude such errors were harmless. The challenged admissions all relate to whether Round Square conferred a benefit onto LVSI. However, as stated earlier, there is substantial evidence in the record, apart from these purported errors, to support the conclusion that Round Square conferred some benefit onto LVSI. LVSI has not demonstrated that, but for the errors, one could reasonably have expected a different result. Therefore, we hold that the challenged admissions, even if in error, do not warrant reversal.

*The trial was not prejudiced by the presence of a biased juror or by the district court's statements concerning Round Square's case*

SUPREME COURT
OF
NEVADA

(O) 1947A

11

LVSI argues that the district court abused its discretion in denying its motion for a mistrial or a new trial based on juror Martinez's undisclosed bias. We disagree. Whether a new trial is required due to a juror's undisclosed bias depends on whether the juror intentionally concealed his bias, a determination this court reviews for an abuse of discretion. *McNally v. Walkowski*, 85 Nev. 696, 701, 462 P.2d 1016, 1019 (1969).

Juror Martinez's supposed bias derives from a sarcastic comment made to juror Portillo during deliberations. Before the jury delivered its verdict, LVSI presented its request to remove Martinez as an "alternative, at some point . . . to consider," *if* Martinez continued to cause problems after the court reread an instruction on the jury's duty to deliberate. LVSI never clearly requested the district court to remove Martinez and no other problems arose concerning juror Martinez's conduct after the instruction was read. Therefore, we conclude that the district court did not abuse its discretion when it (1) took steps to ensure that juror Portillo was willing and able to deliberate with juror Martinez, and (2) determined that calling the jury in and rereading an instruction on the jury's duty to deliberate would effectively address the situation.

Lastly, LVSI contends the district court violated its right to a fair trial by improperly commenting on the evidence. However, LVSI did not object to any of the district court's allegedly improper statements, and therefore, LVSI has waived this argument. *See Ginnis v. Mapes Hotel Corp.*, 86 Nev. 408, 416-17, 470 P.2d 135, 140-41 (1970) (stating a failure to object to a district court's improper comment on the evidence waives any claim of error). Therefore, we decline to address the merits of this argument. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[5]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Gibbons

cc:    Hon. Rob Bare, District Judge
       Alan M. Dershowitz
       Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP
       Morris Law Group
       Pisanelli Bice, PLLC
       Norton Rose Fulbright US LLP
       Eighth District Court Clerk

---

[5]The Honorables Michael Cherry and Kristina Pickering, Justices, did not participate in the decision of this matter.

SUPREME COURT
OF
NEVADA

(O) 1947A